USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA           :
                                   :    **ORDER**
v.                                 :
                                   :    24 CR 278 (VB)
VINCENT CANNADY,                   :
                    Defendant.     :
--------------------------------------------------------------x

WHEREAS defendant Vincent Cannady has exercised his right to represent himself and thus is conducting his own defense;

WHEREAS the Court appointed standby counsel under the Criminal Justice Act ("CJA") for the purpose of assisting defendant to the extent authorized by law and to the extent requested by defendant;

WHEREAS defendant has requested standby counsel's assistance in requesting CJA funding to procure a laptop for his use while in the custody of the U.S. Marshals Service ("USMS"); and

WHEREAS it is necessary that defendant have meaningful access to discovery materials, draft legal memoranda, make notes for the purpose of case preparation, and have access to those notes and documents during proceedings in this Court;

It is hereby ORDERED:

1.      Standby counsel is authorized to procure with CJA funds a laptop computer and any subsequent external hard drives that may be required to provide defendant with access to discovery materials (collectively, the "Electronic Devices") for purposes of the discovery review. Standby counsel shall provide the Electronic Devices to counsel for the government, who shall review the Electronic Devices and confirm that the wireless and printing capabilities are disabled

in a manner acceptable to the Hudson County Department of Corrections and Rehabilitation Center ("the Hudson Jail").

2. The government shall load onto the Electronic Devices such software as defendant will need to review and make notes on the discovery materials. The government shall create a password-protected, administrative account on the Electronic Devices that is separate from defendant's password-protected, user account to prevent any user from making changes to the Electronic Devices.

3. The government shall clearly mark the Electronic Devices with defendant's name, ID number, and USMS registration number.

4. The government shall save the discovery materials, not including Attorney's Possession Only ("APO") materials, on any subsequent external hard drives that may be required to provide defendant with access to the discovery materials. Defendant's access to the discovery materials shall otherwise remain governed by the Amended Protective Order, dated Sept. 27, 2024 (Doc. #55).

5. The government shall confirm that the discovery materials are reviewable on the Electronic Devices prior to sending it to the Hudson Jail.

6. The Hudson Jail shall designate an officer ("the Officer") to receive and store the Electronic Devices.

7. Within fourteen days of receipt of the Electronic Devices, the government shall send the electronic devices to the Officer, who shall keep the Electronic Devices and charging cables in his or her office.

8. Defendant may access the Electronic Devices for review on a temporary basis and at times approved by jail personal. This review must take place in defendant's unit or a location

where to the extent possible defendant is not in the presence of other inmates. Defendant shall be afforded the ability to review the discovery materials at least two hours each day, to the extent consistent with the operations and policies of the Hudson Jail. Under no circumstances should the Hudson Jail deny defendant meaningful and regular access to the Electronic Devices.

9. After he is finished reviewing the discovery materials for any given day, defendant shall return the Electronic Devices to the Officer or his or her designee.

10. Defendant is strictly prohibited from printing, copying, sending, publishing, or transferring any of the discovery materials on the Electronic Devices. It is the intent of this Order that only defendant (and his counsel and any other members of his legal defense team, including investigators, paralegals, and support staff, as needed to confer with defendant) shall have access to the discovery materials on the Electronic Devices.

11. This Court will revisit this Order and revoke defendant's access to the Electronic Devices if it determines that he has violated the terms of this Order.

12. Defendant shall return the Electronic Devices to his counsel, who will promptly provide the Electronic Devices to the Administrative Office of the U.S. Courts if they were purchased with CJA funds, no later than the conclusion of the proceedings against defendant in this Court—whether through dismissal of the charge against defendant or through sentencing.

13. Hudson Jail or any other facility to which the USMS designates defendant shall permit defendant to bring into the courthouse the Electronic Devices, legal documents, law books, and any other legal materials that defendant reasonably requires to reference in court.

14. Defendant is authorized to possess five (5) Sharpie markers, five (5) pens, five (5) legal pads, and five (5) poster-size boards to assist in his preparation for trial, pursuant to the policies of the Hudson Jail.

Standby counsel is directed to provide a copy of this Order to defendant by email.

Dated: October 24, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge